UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDON JAMAAL BURKS,
     Plaintiff,

vs.                           Case No.: 3:24cv00019/LAC/ZCB

LASQUBIA MCWILLIAMS, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. §
1983. (Doc. 1). Presently before the Court is Plaintiff's second amended
complaint. (Doc. 11). Because Plaintiff is an inmate who is proceeding
*pro se* and *in forma pauperis*, the Court is statutorily required to screen
Plaintiff's second amended complaint to determine whether it is
frivolous, malicious, fails to state a claim on which relief may be granted,
or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C.
§ 1915A (governing civil actions in which a prisoner seeks redress from a
governmental entity or an officer or employee thereof); *see also Jones v.
Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated

1

"early judicial screening of prisoner complaints"). Having reviewed the second amended complaint, dismissal is warranted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because Plaintiff has failed to state a plausible claim for relief.[1]

## I.    Background

The allegations in Plaintiff's second amended complaint (Doc. 11) remain largely unchanged from his initial complaint (Doc. 1). Plaintiff's second amended complaint names as Defendants the following Century Correctional Institution (CCI) officials in their individual capacities: Sergeant Lasqubia Williams, Warden Kelly Watkins, and Assistant Warden Debbie Jones. (Doc. 11 at 2-3).

Plaintiff alleges that on June 19, 2023, he was involved in an incident with another inmate, after which they were both escorted to the

---

[1] The Court previously provided Plaintiff an opportunity to amend after explaining to him deficiencies in his prior pleading. (Doc. 8). Nonetheless, Plaintiff's second amended complaint still fails to state a claim upon which relief could be granted. *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action").

confinement unit. (*Id.* at 5). While in the confinement unit waiting for their disciplinary reports, Plaintiff alleges his property was brought to him. But Plaintiff "refused" to sign for the property because it looked like "items of value" were either missing or hidden, such as a 2,000-page legal transcript. (*Id.* at 6). Plaintiff alleges his property was presented to him in a package, so he was unable to "inspect" or "observe" it. (*Id.*).

Plaintiff further alleges he is a member of the Hebrew Israelite faith. (*Id.* at 5). When he became aware that he would be in confinement for three to six months, Plaintiff requested his "legal books, documents, and religious items." (*Id.* at 7). Plaintiff alleges his "request was not responded to," so Plaintiff filed a grievance that was received by Defendant Jones and approved by Defendant McWilliams. (*Id.*). Plaintiff alleges he gave Defendant McWilliams "a list of all legal and religion law books (sic) and dictionarys (sic)" including "(1) KJV Bible, (2) Strong's Concordance of the KJV Bible, (3) Webster's all in one dictionary & thesaurus, (4) Yahweh ben Yahweh home study guide," etc. (*Id.*). But Plaintiff alleges that he only received "two black note pads" that were not on the list of items he had requested. (*Id.*). Plaintiff alleges Defendant

3

McWilliams' reasons for not bringing Plaintiff the items he requested was that she "did not see any of" them. (*Id.* at 8). Plaintiff claims this explanation is a "false statement" because upon an institutional transfer, Plaintiff saw the requested items "inside his property." (*Id.*). He further alleges a "few items of value" were then missing. (*Id.*).

Plaintiff asserts due process claims, as well as free exercise of religion claims. (*Id.* at 9-10). Plaintiff seeks damages and unspecified injunctive relief. (*Id.* at 9).

## II.    Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

4

possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## III. Discussion

### A. Plaintiff has failed to plausibly allege a free exercise claim under the First Amendment or RLUIPA.

The First Amendment prohibits Congress from enacting any law "prohibiting the free exercise" of religion. U.S. Const. amend. I. It applies to the states (and their political subdivisions) through the Due

Process Clause of the Fourteenth Amendment. *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 489 n.1 (1996).

Though the government may not dictate what an individual can believe, it may enact neutral and generally applicable laws that incidentally burden religious conduct and exercise. *See Emp. Div., Dep't of Hum. Res. of Oregon v. Smith*, 494 U.S. 872, 878 (1990). So long as the restriction or prohibition of religious conduct or exercise is not "the object" of the regulation "but merely the incidental effect of a generally applicable and otherwise valid provision, the First Amendment has not been offended." *Id.* In the prison setting, a rule, regulation, or policy restricting the exercise of religion is valid "if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (applying the *Turner* standard to a free exercise of religion claim).

The RLUIPA was enacted, in part, to address the "frivolous or arbitrary barriers imped[ing] institutionalized persons' religious exercise." *Cutter v. Wilkinson*, 544 U.S. 709, 716 (2005) (cleaned up). As relevant here, Section 3 of the RLUIPA states:

6

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
>> (1) is in furtherance of a compelling governmental interest; and
>>
>> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a).    The RLUIPA provides greater religious protection than the First Amendment. *Dorman v. Aronofsky*, 36 F. 4th 1306, 1313 (11th Cir. 2022).  Thus, if a claim fails under the RLUIPA—which embeds a heightened standard for government restrictions of the free exercise of religion—it necessarily fails under the First Amendment. *Dorman*, 36 F. 4th at 1313.  If a court concludes that a plaintiff's free exercise claim fails under the more protective framework of the RLUIPA, the court need not separately discuss the First Amendment. *Id.*

As the Supreme Court has explained, § 2000cc-1(a) of the RLUIPA sets out a burden-shifting framework.  First, the plaintiff must show that a government rule, regulation, practice, or policy substantially burdens his exercise of religion. *Ramirez v. Collier*, 142 S. Ct. 1264, 1277 (2022).

Once the plaintiff has made this showing, the defendant has the burden of proving that the challenged directive is the "least restrictive means of furthering a compelling governmental interest." *Id.*

Here, the Court previously advised Plaintiff that his allegations failed to plausibly allege a RLUIPA or First Amendment free exercise claim. (*See* Doc. 8 at 5-6). Yet, Plaintiff's allegations remain largely unchanged from his initial complaint. Plaintiff alleges he is a member of the Hebrew Israelite faith. (Doc. 11 at 5). But Plaintiff has not identified a government rule, regulation, practice, or policy that substantially burdens his exercise of the Hebrew Israelite faith. To the extent Plaintiff asserts that the rule prohibiting him from having *all* of his property while on close management is the rule that substantially burdens his religious exercise, Plaintiff has not shown that he is unable to practice his religious faith without the "religious books" and materials he describes.

To prevail on a RLUIPA claim, Plaintiff must show that the burden on religious exercise imposed by a government rule, regulation, practice, or policy was substantial, which means that it forced him "to conform his . . . behavior accordingly." *See Midrash Sephardi, Inc. v. Town of*

8

*Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004) (citations omitted); *see also*
*Mays v. Joseph*, No. 21-10919, 2022 WL 18981, at *2 (11th Cir. Jan. 3,
2022) ("A substantial burden arises when a prisoner is forced to choose
between violating his sincerely held religious beliefs or face serious
disciplinary action."). Here, Plaintiff's complaint does not allege how he
uses the religious books to practice his Hebrew Israelite religion—he just
states that he did not have access to them while he was confined to close
management during a certain holiday.[2] Therefore, Plaintiff has failed to
plausibly allege a claim under RLUIPA for the deprivation of religious
books, and his First Amendment religious exercise claim similarly fails.
*See Marsh v. Liberty Behavioral Health Care, Inc.*, No. 2:06-cv-125, 2008
WL 821623, at *24 (M.D. Fla. March 27, 2008) (dismissing a religious
exercise claim when the inmate did not articulate how the defendant's
taking of his religious books "substantially burdened his ability to
practice his . . . faith"); *see also Smith v. Governor for Alabama*, 562 F.

---

[2] The Court would note that one of the books was a dictionary and the
other a thesaurus. Plaintiff has failed to allege (and the Court is unaware
of) any connection between those books and the ability to exercise his
religion.

App'x 806, 813 (11th Cir. 2014) (upholding dismissal of a RLUIPA claim when the plaintiff "offered no evidence establishing that the four items were fundamental to his [religious] practice . . . or that the absence of the items caused anything more than a mere inconvenience on his religious exercise"); *Cook v. Jones*, No. 3:16cv568, 2019 WL 6868982, at *6 (N.D. Fla. Nov. 22, 2019) (dismissing a RLUIPA claim when the plaintiff did not "definitively state that he cannot . . . engage in his [religious] practice without the [item], only that it makes his practice more difficult or inconvenient."). Accordingly, Plaintiff's second amended complaint should be dismissed.

### B. Plaintiff has failed to plausibly allege a due process claim based on the deprivation of his property.

The Due Process Clause encompasses two components, a substantive component and a procedural component. The substantive component of the Due Process Clause protects only "fundamental" rights. *See McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir.1994) (citing *Palko v. Connecticut*, 302 U.S. 319, 325 (1937)). Fundamental rights "are protected against certain government actions regardless of the fairness

10

of the procedures used to implement them." *McKinney*, 20 F.3d at 1556 (internal quotation omitted). In contrast, "areas in which substantive rights are created only by state law . . . are not subject to substantive due process protection . . . because substantive due process rights are created only by the Constitution." *Id.* (internal quotation omitted). Such state law-based rights can be rescinded "so long as the elements of procedural—not substantive—due process are observed." *Id.*

Property interests are created and defined by state law rather than the Constitution. *See Greenbriar Village, L.L.C. v. Mountain Brook City*, 345 F.3d 1258, 1262 (11th Cir. 2003) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). They are not fundamental rights, and thus are not entitled to substantive due process protection. *See id.* at 1262–63 ("[N]on-legislative deprivations of state-created rights . . . cannot support a substantive due process claim.).

With regard to the procedural component of the Due Process Clause, the Supreme Court has unequivocally held that an unauthorized intentional deprivation of property by a state actor does not constitute a violation of the procedural requirements of the Due Process Clause of the

Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (emphasis added). Under Florida law, a person may file a tort action in state court to recover damages for destruction of property. *See* Fla. Stat. § 768.28 (2011). The existence of § 768.28 provides Plaintiff with a meaningful, post-deprivation remedy to challenge the loss of property caused by intentional conduct by a state actor. Additionally, the Due Process Clause is not implicated by a negligent act of an official causing unintended loss of property. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis added). Therefore, to the extent Plaintiff is asserting a due process claim based on the deprivation of his property, regardless of if the deprivation was intentional or negligent, Plaintiff's due process claim must fail. Accordingly, Plaintiff's second amended complaint should be dismissed.

### C.      Plaintiff has failed to allege a plausible claim under the Equal Protection Clause of the Fourteenth Amendment.

The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. *City of*

*Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  To state a claim under the Equal Protection Clause, a prisoner generally must allege "that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (cleaned up).  A plaintiff must also allege that the defendant intentionally discriminated against him. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987).  Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient.  *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1367-68 (11th Cir. 1998).

The Equal Protection Clause is also implicated in "class of one" claims.  *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006).  A "class of one" equal protection claim does not allege discrimination against a protected class; rather, it alleges that the plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1202 (11th Cir. 2007).

13

The same "similarly situated" standard applies whether an equal protection claim is brought under a "class of one" theory or a traditional theory of unlawful discrimination. *Id.* at 1204-05. Indeed, the "similarly situated requirement must be rigorously applied in the context of class of one claims." *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 (11th Cir. 2009).

To the extent Plaintiff's second amended complaint asserts an equal protection claim (*see* Doc. 11 at 10) (describing discrimination on the basis of race, color, sex, religion, etc.), his claim fails. Plaintiff has not sufficiently alleged a "class of one" claim because there is no allegation that a similarly situated inmate received more favorable treatment without a rational basis. Similarly, Plaintiff has not sufficiently alleged a traditional equal protection claim because there is no allegation that he was discriminated against based on a constitutionally protected interest. Moreover, as to both types of equal protection claims, Plaintiff has not alleged that Defendants intentionally discriminated against him. Plaintiff, therefore, has failed to sufficiently allege a plausible equal

14

protection claim.    Accordingly, Plaintiff's second amended complaint

should be dismissed.[3]

## IV.    Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

---

[3] As the Court has previously advised Plaintiff (*see* Doc. 8 at 15-16), to the extent he is asserting a claim against Defendant Jones for her handling of Plaintiff's grievances, his claim must fail.   Merely denying a grievance, without personally participating in the unconstitutional conduct brought to light by the grievance, is insufficient to establish § 1983 liability.   *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.").   Moreover, Plaintiff does not mention Warden Watkins in his statement of facts.   To the extent Plaintiff asserts claims against Warden Watkins due to the warden's position as a supervisor, Plaintiff's claims fail.   "Supervisory officials are not vicariously liable under section 1983 for the unconstitutional acts of their subordinates."   *Ingram v. Kublik*, 30 F.4th 1241, 1254 (11th Cir. 2022).   Supervisors may be held personally liable only when they (1) participate in the alleged constitutional violation, or (2) "there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.*" Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 820 (11th Cir. 2017) (quotations omitted).   Here, Plaintiff has neither alleged personal participation on the part of Defendant Watkins nor a policy or custom that caused his alleged constitutional violation.   Therefore, his claims against Warden Watkins are ripe for dismissal.

1. Plaintiff's second amended complaint (Doc. 11) be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 5th day of May 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.